IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 06-00042 |
| | ) | |
| DANIEL SCOTT VALRIE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This cause is before the court on defendant's motion for severance and the United States response. (Docs. 131 and 139). A hearing was held on the motion this date to allow the defendant the opportunity to present evidence in support of the motion.

At the hearing, defense counsel proffered the statements of co-defendant Richardson which are the basis for the alleged ground for severance based on a Bruton[1] problem. The court found that the proffered statements of co-defendant Richardson did not appear to implicate Mr. Valrie in the offense and therefore did not create a Bruton problem which would necessitate a severance.

As to the second ground for severance alleged in the motion - - that co-defendant Richardson would provide exculpatory testimony if a severance were granted - - defense counsel proffered only the belief of defendant Valrie that Mr. Richardson would testify that Mr. Valrie had no knowledge of the drugs involved in the offense. Counsel for co-defendant Richardson, who was present at the hearing, could not confirm for the court that Mr. Richardson would

---

[1] Bruton v. U.S., 391 U.S. 123 (1968) held that a defendant is deprived of his rights under the Confrontation Clause when his non-testifying co-defendant's confession, naming him as a participant in the crime, is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant.

provide testimony exculpatory to Valrie.  Under those circumstances the court orally ruled that the defendant had failed in his burden to show the substance of the co-defendant's testimony and the exculpatory nature and effect of the testimony.  These are two of the four showings which a defendant must make in order to justify a severance on the ground asserted.  See, e.g., U.S. v. Baker, 432 F. 3rd 1189, 1239 (11th Cir. 2005) (A defendant arguing for severance on the ground that it will permit the exculpatory testimony of a co-defendant must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the co-defendant would have testified at a separate trial.)

Accordingly, defendant's motion to sever (Doc. 131) is **DENIED**.

**DONE and ORDERED** this 22nd  day of June, 2006.

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE